UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WISE MAN BREWING, LLC,

        Plaintiff,                                Case No. 1:22-cv-10458

v.                                                     Honorable Thomas L. Ludington
                                                             United States District Judge
THREE BRIDGES DISTILLERY AND
TAPROOM, LLC,

        Defendant.
_____/

**ORDER DIRECTING CLERK OF COURT TO TRANSFER MOTIONS TO UNITED STATES COURT OF APPEALS FOR SIXTH CIRCUIT**

On March 3, 2022, Plaintiff Wise Man Brewing d/b/a Three Bridge Brewery brought this trademark-infringement case against Defendant Three Bridges Distillery and Taproom. Twelve days later, Plaintiff filed a motion for a preliminary injunction styled as a motion for a temporary restraining order.

In April 2022, Plaintiff's Motion for Preliminary Injunction was denied "due to the apparent geographically distinct nature of Plaintiff's mark and the lack of a secondary meaning." *Wise Man Brewing, LLC v. Three Bridges Distillery & Taproom, LLC*, No. 1:22-CV-10458, 2022 WL 1205007, at *4 (E.D. Mich. Apr. 22, 2022). Plaintiff then filed a motion for leave to file a motion for reconsideration, ECF No. 18, which was granted, ECF No. 19.

Instead of filing a motion for reconsideration, Plaintiff appealed the denial of its Motion for Preliminary Injunction. ECF Nos. 20; 21. Therefore, the case was stayed. ECF No. 22. The appeal has been pending for more than five months. *Wise Man Brewing, LLC v. Three Bridges Distillery*, No. 22-1455 (6th Cir. filed May 23, 2022).

Yet, on November 7, 2022, Plaintiff's counsel filed a motion to withdraw as counsel because Plaintiff has not been paying its monthly invoices. *See generally* ECF No. 23. As explained hereafter, Plaintiff's Motion to Withdraw as Counsel must be transferred to the Sixth Circuit.

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992).

Plaintiff's Notice of Appeal divests this Court of jurisdiction to consider its Motion to Withdraw as Counsel. Jurisdiction over Plaintiff's case was transferred to the Sixth Circuit Court of Appeals upon the filing of the Notice of Appeal of the denial of Plaintiff's Motion for Preliminary Injunction; thus, the Motion to Withdraw as Counsel, which relates to Plaintiff's Motion for Preliminary Injunction, may be addressed by only the Sixth Circuit. *See Grizzell v. Tennessee,* 601 F. Supp. 230, 232 (M.D. Tenn. 1984). This Court will, therefore, direct the Clerk of the Court to transfer the Motion to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631. *See, e.g.*, *Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2022 WL 10667978, at *1 (E.D. Mich. Oct. 18, 2022).

Accordingly, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to transfer Plaintiff's Motion to Withdraw as Counsel, ECF No. 23, to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.

Dated: November 7, 2022         s/Thomas L. Ludington
                                THOMAS L. LUDINGTON
                                United States District Judge